UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62010-CIV-ALTMAN
MAGISTRATE JUDGE REID

DARYL GERMAN,

      Petitioner,

v.

MARK S. INCH,[1]

      Respondent.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

## I. INTRODUCTION

The Petitioner, **Daryl German**, has filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences for second-degree murder and armed robbery, entered following a jury verdict in Broward County Circuit Court, Case No. 93-795CF10B ("Petition"). For the reasons detailed below, the Petitioner is not entitled to habeas corpus relief.

This cause has been referred to the undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B),(C); S.D. Fla. Local Rule 1(f) governing

---

[1]Pursuant to Fed. R. Civ. P. 25(d), since Mark S. Inch has replaced Julie Jones as the Secretary of the Florida Department of Corrections, he is substituted as the proper respondent in this case.

1

Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts.

For its consideration of the Petition (DE#1),[2] the undersigned has the Respondent's response to this Court's order to show cause (DE#11), along with its supporting appendix (DE#s12-13), containing copies of relevant state court pleadings, including hearing and trial transcripts. The Petitioner has filed a reply for consideration also. (DE#14).

## II. CLAIMS

Construing the arguments liberally, as afforded *pro se* litigants pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972), the Petitioner raises the following grounds for relief:

1)   Ineffective assistance of counsel for failing to object to the trial court's imposition of "multiple punishments for the same offense."

2)   Trial court error in "deciding threshold question in Petitioner's newly discovered evidence claim."

3)   Ineffective assistance of counsel where counsel failed to depose or call as a witness the lead detective, James Carr.

4)   Ineffective assistance of counsel for failing to investigate, depose, or call as a witness the "detective's secretary only known as Denise."

---

[2]The notation "DE#" in this Report references the document entry number of filings in this court's electronic case management system.

2

5)      Trial court error by admitting into evidence the "secretary's transcribed record of a police report as Petitioner's confession."

6)      Trial court error for allowing the State to introduce the "hearsay testimony from Don Allie, Deputy Ben Williams, and Steven Woodberry."

7)      Ineffective assistance of counsel for failing to object to the trial court having permitted Petitioner to exercise "only nine of the peremptory challenges allotted by Florida Statute 913.08."

8)      Trial court error for naming co-defendants, who did not go to trial, in the Petitioner's jury instructions.

9)      Ineffective assistance of counsel where counsel threatened "that he would abandon the Petitioner if he chose to testify and due to the trial court's indication to the Petitioner that the Petitioner would eliminate reasonable doubt by testifying."

10)     Trial court error imposing an increased sentence based on "judicial vindictiveness."

11)     Ineffective assistance of counsel for failing to raise a *Miranda* violation regarding the Petitioner's statement to police.

12)     Denial of due process and a fair trial by trial court who erroneously modified the jury instructions.

13)     Trial court erred in denying judgment of acquittal.

14)     Ineffective assistance of counsel for failing to object to the State making the final closing argument.

15)     Cumulative effect of errors.

(DE#1 at 7-28).

## III. PROCEDURAL HISTORY

3

The convictions and sentences under attack here present a long and arduous procedural history in the state forum. On January 13, 1993, the Petitioner was indicted on one count of first-degree murder and one count armed robbery. (DE#12-1 at 14). On August 4, 1995, following a jury trial, the Petitioner was found guilty of the lesser included offense of second-degree murder with a firearm and armed robbery. (DE#12-1 at 21). The Petitioner was sentenced to two life terms: one for second degree murder, and one for being a violent habitual offender on the armed robbery count. (DE#12-1 at 28). The Petitioner appealed his conviction and sentence, which was affirmed by the Fourth District Court of Appeal ("Fourth DCA") *per curiam* without written opinion. *German v. State*, 701 So.2d 881 (Fla. 4th DCA 1997).

The Petitioner next pursued post-conviction relief pursuant to Fla. R. Crim. P. 3.850. The trial court denied relief on March 29, 2001. (DE#12-1 at 107). The Petitioner appealed; however, the Fourth DCA affirmed, *per curiam*, without written opinion. *German v. State*, 812 So.2d 424 (Fla. 4th DCA 2002).

The Petitioner then pursued a second postconviction motion pursuant to Rule 3.850, which was denied as successive and time-barred. (DE#12-1 at 211). Again, the Fourth DCA affirmed, *per curiam*, without opinion. *German v. State*, 914 So.2d 972 (Fla. 4th DCA 2005).

On March 16, 2006, the Petitioner filed a state petition for writ of habeas corpus at the Fourth DCA. It was denied on April 4, 2006. (DE#12-2 at 34).

On May 11, 2006, the Petitioner filed his initial federal habeas petition with the Court. Case No. 06-CV-60683-WJZ. It was denied as untimely. (DE#12-2 at 38). The Petitioner appealed to the Eleventh Circuit Court of Appeals but was denied a certificate of appealability. (DE#12-2 at 39). The Petitioner sought certiorari review at the United States Supreme Court, which was denied. (DE#12-2 at 214).

The Petitioner returned to the state courts and filed another postconviction motion; however, it was brought pursuant to Fla R. Crim. P. 3.800. (DE#12-2 at 216). On January 29, 2009, the trial court denied the motion. The Petitioner appealed to the Fourth DCA which, *per curiam* affirmed, without written opinion, on December 30, 2009. (DE#12-2 at 239). Mandate issued on January 29, 2010. (DE#12-2 at 241).

On January 4, 2011, the Petitioner again filed a petition for writ of habeas corpus in the Fourth District Court of Appeal. It was denied.  (DE#12-3 at 61). The Petitioner sought discretionary review at the Florida Supreme Court, which was also denied.  (DE#12-3 at 65).

On November 13, 2012, the Petitioner filed his third state petition for writ of habeas corpus in the Fourth DCA. (DE#12-3 at 69). The petition was dismissed.

(DE#12-3 at 84). The Petitioner sought discretionary review at the Florida Supreme Court but was again denied. (DE#12-3 at 89).

On March 28, 2012, the Petitioner again sought relief pursuant to Rule 3.800 in the trial court. (DE#12-3 at 91). This time, the trial court granted the motion. (DE#12-3 at 138 ). The State sought an appeal at the Fourth DCA and reconsideration at the trial court. (DE#12-3 at 146). Neither of the State's attempt to reverse the trial court's decision on resentencing was successful. On June 26, 2017, the Petitioner was resentenced only on the charge of murder in the second degree with a firearm from the original life sentence to a sentence of 40 years imprisonment. *German v. State*, 204 So.3d 90 (Fla. 4th DCA 2016).

At the same time the Petitioner was litigating in state courts, he sought federal habeas review in this Court in Case No. 14-CV-60718-WJZ. However, the petition was dismissed as successive. (DE#12-3 at 251).

Following resentencing, the Petitioner again sought relief in the state court pursuant to Rule 3.850. (DE#12-4 at 5) It was denied on December 8, 2017, without written opinion. The Petitioner filed a Notice of Appeal on January 10, 2018.[3] The denial was affirmed on March 8, 2018. Mandate issued on April 5, 2018.  *Id*.

---

[3]*http://onlinedocketsdca.flcourts.org/DCAResults/LTCases?CaseNumber=130&CaseYear=2018 &Court=4* (last visited April 25, 2019).

While state motions were pending, the Petitioner filed, on October 13, 2017, the instant Section 2254 federal habeas petition and a supporting memorandum of law. (DE#s 1,5). However, since that time, the Petitioner's post-conviction claims were considered and denied by the state courts.

## IV. <u>THRESHOLD ISSUES</u>

### A. <u>Timeliness</u>

The Respondent has asserted that this § 2254 action is untimely as to claims raised which were not the subject of the resentencing (*i.e.* the armed robbery conviction). (DE#11 at 8). *See* 28 U.S.C. § 2244(d). Careful review of the procedural history of the case and the law of this Circuit establishes that this argument is without merit.  Indeed, it is contradictory not only to established law but also the cases cited by the Respondent to support his argument.

First, the Respondent cites *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F. 3d 1273 (11th Cir. 2014) to support the argument that "petitioner can now pursue the present § 2254 action as it relates to the *judgment for second degree murder*." (DE#11 at 6) (emphasis in original). The Respondent acknowledges that "resentencing results in a new judgment and a petitioner gets the benefit of the AEDPA statute of limitations starting anew on the date the new sentence becomes final." *Id*. at 6-7. However, the Respondent asserts that "the petition here can only be interpreted as attacking the new judgment on the second-degree murder count -

the count on which petitioner was resentenced. The armed robbery count, which involves a totally different judgment, was not involved in any way in the 2017 resentencing ordered by the Fourth District Court of Appeal. Any result of this case should only have an impact on the second-degree murder count." *Id*. The Respondent then cites *Magwood v. Patterson*, 561 U.S. 320, 339 (2010) and argues that because the *Magwood* court "intentionally left unresolved the question of whether that same successive federal habeas petition would be permissible if it was premised in part or in full on a challenge to the original and still valid conviction or whether it is an improper successive petition regarding any challenge to the conviction." (DE#11 at 7-8). The Respondent concluded that the armed robbery conviction, "which involves a totally different judgment, was not involved in any way in the 2017 resentencing." *Id*. at 8-9. Therefore, the results here should only impact the second-degree murder charge. *Id.* The Respondent provided no case law to support this argument other than to assert that this issue was left "intentionally unresolved" by the United States Supreme Court in 2010. *Id*. at 7.

The undersigned must begin the timeliness analysis with comment on the substance of the Secretary's Response. *Magwood* was decided on June 24, 2010; the Response was filed on November 22, 2017. (DE#11). In the intervening seven years between those two dates, the Eleventh Circuit Court of Appeals considered this issue

*thirteen* times.[4] Only two of those *thirteen* cases are even referenced by the Secretary's Response. Neither supports the position.

In *Rocha v. Sec'y, Dep't. of Corr.*, 692 F. App'x 576 (11th Cir. 2017), the State of Florida made this exact argument. It was clearly and expressly rejected. *Rocha*, 692 F. Appx at 578. ("Florida contends, however, that because Rocha's conviction and sentence for Count I remain undisturbed, Rocha's petition is second or successive to the extent it challenges his Count I conviction or sentence. We disagree.") The *Rocha* court concluded that because his "2254 petition is the first petition in which he challenges his new 2015 judgment, the application *'as a whole'* is not second or successive." *Id.* at 578. (emphasis added).

Perhaps, the most instructive case on this issue is *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495 (11th Cir. 2015). In *Thompson*, the current state of this Circuit's jurisprudence on this issue was discussed at great length. The Court concluded that where a resentencing results in a new judgment, the new judgment starts the statute of limitations anew. *Id.* at 502. Moreover, a judgment is based on

---

[4] *United States v. Smith*, 419 F. App'x 954 (11th Cir. 2011), *Campbell v. Sec'y, Dep't of Corr.*, 447 F. App'x 25 (11th Cir. 2011), *Blanco v. Sec'y, Dep't of Corr.*, 688 F.3d 1211 (11th Cir. 2012), *Betzner v. United States*, 470 F. App'x 774 (11th Cir. 2012), *Insignares v. Sec'y, Dep't of Corr.*, 755 F.3d 1273 (11th Cir. 2014), *United States v. Cano*, 558 F. App'x 936 (11th Cir. 2014), *Thompson v. Sec'y, Dep't of Corr.*, 606 F. App'x 495 (11th Cir. 2015),*Cox v. Sec'y, Dep't of Corr.*, 837 F.3d 1114 (11th Cir. 2016), *Patterson v. Sec'y, Dep't of Corr.*, 678 F. App'x 890 (11th Cir. 2016), *Patterson v. Sec'y, Dep't of Corr.*, 849 F.3d 1321 (11th Cir. 2017), *Rocha v. Sec'y, Dep't of Corr.*, 692 F. App'x 576 (11th Cir. 2017), *Smith v. Sec'y, Dep't of Corr.*, 691 F. App'x 555 (11th Cir. 2017), and *Robinson v. Sec'y, Dep't of Corr.*, 2017 WL 3674756 (11th Cir. May 3, 2017)

both the convictions and sentence which provides for a single trigger date as opposed to a multiple trigger date where that statute of limitations begins to run based on a separate and distinct statutory provision. As the statute specifically referenced "an application," this meant a single judgment (encompassing the conviction and sentence) which holds a person in custody of the State regardless of whether the application seeks relief from the new sentence or the underlying conviction. *Id.* at 505.

On June 26, 2017, the Petitioner was resentenced. *German v. State*, 204 So.3d 90 (Fla. 4th DCA 2016). The instant Petition was filed on October 13, 2017. (DE#1). Accordingly, the petition is timely. However, other procedural hurdles are applicable to the Petitioner's claims.

### B. Exhaustion

The Petitioner argues that certain claims have been fully exhausted in the state forum. Others, he admits, are unexhausted but the lack of "state corrective process" precluded him from raising these claims in the state courts. (DE#1). The Respondent, however, argues that C**laims 1, 3, 4, 10, 11, 12, 14, and 15** of this federal petition, are unexhausted and procedurally defaulted from federal habeas review. (DE#11). The Petitioner agrees regarding exhaustion as to **Claims 1, 3, 4, 11, 12, 14, and 15** but not as to **Claim 10**. As will be demonstrated below, the Respondent's argument

regarding exhaustion as to **Claim 10** is correct. The procedural posture is not in dispute for **Claims 1, 3, 4, 11, 12, 14, and 15**; they are unexhausted.

In addressing the issue of exhaustion and procedural default, a court must determine whether the claims were raised in the state court proceedings; if not, whether they are procedurally defaulted from review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging a state conviction. *See* 28 U.S.C. §§ 2254(b),(c). To properly exhaust state remedies, the Petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 456–59 (11th Cir. 2015).

Exhaustion is not satisfied "merely" if a petitioner presents the state court with "all the facts necessary to support the claim" or even if a "somewhat similar state-law claim was made." *Kelley v. Sec'y for Dept. of Corr.*, 377 F.3d 1317, 1344-45 (11th Cir. 2004) (citation omitted). A petitioner must instead "present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Id*. "[A] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal

grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese,* 541 U.S. 27, 32 (2004); *McNair v. Campbell,* 416 F.3d 1291, 1302-1303 (11th Cir. 2005).

To circumvent the exhaustion requirement, the Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981).

It is undisputed that **Claims 1, 3, 4, 11, 12, 14, and 15** were not raised in any post-conviction proceeding in the state courts. **Claim 10** is also unexhausted because while a variation of this claim, in the form of ineffective assistance of appellate counsel, was raised in the state courts; the underlying substantive claim as argued here was not. (DE#12-3 at 13). Even applying the liberal standards that the Court must afford *pro se* litigants, the Petitioner has failed to satisfy the exhaustion requirement because the state courts were not presented with nor have they considered the actual merits of **Claim 10**.

### C. <u>Procedural Default</u>

First and foremost, as to **Claims 1, 3, 4, 10, 11, 12, 14, and 15**, it must be determined whether the Petitioner's failure to exhaust in the state courts results in procedural default in federal court. The Petitioner's unexhausted claims would now be procedurally barred if raised in state forum because his direct appeal is complete as is his pursuit of post-conviction relief pursuant to Rule 3.850. *Bailey v. Nagle,*

172 F.3d 1299, 1302-03 (11th Cir. 1999). In this case, a future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Id.* at 1303.

However, a procedurally defaulted claim may still be considered if the federal petitioner can demonstrate: (1) objective cause for the failure to properly present the claim and actual prejudice from the alleged constitutional violation; or, (2) a fundamental miscarriage of justice. *See Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Tharpe v. Warden,* 898 F.3d 1342, 1344-47 (11th Cir. 2018). The Petitioner can show cause by alleging that some objective factor, external to the defense, impeded his effort to raise the claim properly in the state court. *See Murray v. Carrier,* 477 U.S. 478, 488, (1986); *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate that the "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See McCoy v. Newsome,* 953 F.2d 1252, 1261 (11th Cir. 1992) (*quoting Murray,* 477 U.S. at 494). The allegations of cause and prejudice must be factually specific, not conclusory. *Harris v. Comm'r, Ala. Dep't of Corr.,* 874 F.3d 682, 691 (11th Cir. 2017).

In *Martinez v. Ryan,* 566 U.S. 1 (2012), the Supreme Court expanded what "cause" may excuse a procedural default, determining that when a state court claim of "ineffective assistance of trial counsel must be raised in an initial-review collateral

proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez,* 566 U.S. at 17. Therefore, relief is available if: (1) state procedures make it virtually impossible to actually raise ineffective assistance of trial counsel claims on direct appeal; and (2) the petitioner's state collateral counsel was ineffective for failing to raise ineffective assistance of trial counsel claims in the state proceedings. *See Lambrix v. Sec'y, Fla. Dep't of Corr.,* 756 F.3d 1246, 1261, n.31 (11th Cir. 2014). To prove that the claim is "substantial," the petitioner must demonstrate that the claim has some merit. *Martinez,* 566 U.S. at 10.[5]

Here, to the extent the Petitioner argues that *Martinez* applies to his procedurally defaulted claims because he "was not appointed counsel when he filed the first post-conviction motion that would have permitted the filing of such an issue," (DE#14 at 2), this argument appears to assume a *per se* excusal of the procedural bar to unexhausted, ineffective assistance of counsel claims in the Petition. The Petitioner appears to assert that he (and all non-capital indigent

_____

[5] In *Trevino v. Thaler,* 569 U.S. 413, 429 (2013), the Supreme Court further explained that the exception recognized in *Martinez* applies when a state's procedural framework makes it highly unlikely that a defendant, in a typical case, will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal.

defendants in Florida) is not entitled to the assistance of counsel in post-conviction proceedings; therefore, *Martinez* provides him relief. This is not so.

The Eleventh Circuit has explained, the petitioner must show "more than the mere fact [collateral counsel] failed to raise potentially meritorious claims; he must show that *no competent counsel*, in the exercise of reasonable professional judgment, would have omitted those claims." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1263 (11th Cir. 2014) (emphasis added). In this limited case, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 17. The Petitioner does not meet this difficult standard.

Although the Petitioner did not make a showing of cause and prejudice to excuse the procedural default of his claim, he may nonetheless receive consideration on the merits "if he can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result." *Ward v. Hall,* 592 F.3d 1144, 1157 (11th Cir. 2010); *see also, McQuiggen v. Perkins,* 569 U.S. 383, 387 (2013). This exception requires the Petitioner to demonstrate actual innocence, not just legal innocence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.,* 672 F.3d 1000, 1011 (11th Cir. 2012). "Only if [Petitioner] can meet the requirements for proving his actual innocence will he 'then be entitled to have his defaulted claim'... considered on its merits." *United States v. Montano*, 398 F.3d

1276, 1285 (11th Cir. 2005). The Petitioner fails to meet this high standard. Thus, **Claims 1, 3, 4, 10, 11, 12, 14, and 15** should be denied.

Having considered the threshold requirements to having a federal habeas petition heard on the merits, the Court proceeds to the Petitioner's remaining claims which are **Claims 2, 5, 6, 7, 8, 9, and 13**.

## V. <u>FACTS ADDUCED AT TRIAL</u>

The Petitioner's trial began on July 24, 1995. (DE#13-1 at 477). Witnesses testified that two black males came to the apartment of the victim with a red-haired woman who knocked on the door. *Id*. at 166, 533. When the victim answered the door, the two black males rushed into the apartment and robbed the victim. *Id*. at 167. During that time, the victim was shot in the abdomen which proved to be fatal. (DE#12-1 at 55). An expert testified that the projectile retrieved from the victim was a .38 caliber brown nose lead projectile. *Id*. at 330. The lead detective testified that during the interview, the Petitioner admitted to planning the robbery of the victim because he knew the victim had "drugs and money in his apartment." (DE#12-1 at 57). The detective further testified that the Petitioner admitted to participating in the robbery, pistol whipping the victim when he refused to open the safe; and the victim attempted to take the Petitioner's gun. *Id*. at 535. At such time, the co-defendant took the gun, pistol-whipped the victim again and shot him. (DE#12-1 at 58). The Petitioner did not admit to shooting the victim.

## VI. <u>GOVERNING LEGAL PRINCIPLES</u>

### A. <u>Standard of Review</u>

The court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996. ("AEDPA"). *See Abdul–Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *Ledford v. GDCP Warden,* 818 F.3d 600, 642 (11th Cir. 2016), *cert. den'd,* 137 S.Ct. 1432 (2017). The AEDPA ensures that federal habeas corpus relief works to "guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *See Greene v. Fisher,* 565 U.S. 34, 38 (2011). This standard is both mandatory and difficult to meet. *White v. Woodall,* 572 U.S. 415, 420 (2014).

Deferential review under § 2254(d) is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 182 (2011); *Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011). To review a federal habeas corpus claim, the district court must first identify the last state court decision, if any, that adjudicated the merits of the claim. *See Marshall v. Sec'y, Fla. Dep't of Corr.,* 828 F.3d 1277, 1285 (11th Cir. 2016). The state court is not required to issue an opinion explaining its rationale, because even the summary rejection of a claim, without explanation, qualifies as an

17

adjudication on the merits which warrants deference. *See Harrington v. Richter,* 562 U.S. 86, 100 (2011); *Ferguson v. Culliver,* 527 F.3d 1144, 1146 (11th Cir. 2008).

More recently, the Supreme Court of the United States has provided guidance where the state court's adjudication on the merits is unaccompanied by an explanation, instructing the court "to 'look through' the unexplained decision to the last related state-court decision that does provide a rationale;" and, "then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers,* 138 S.Ct. 1188, 1192 (2018).

Where the claim was "adjudicated on the merits," in the state forum, § 2254(d) prohibits relitigation of the claim unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or, (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter,* 562 U.S. at 97-98. A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect

18

application of federal law. *Williams,* 529 U.S. at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas corpus relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Mitchell v. Esparza,* 540 U.S. 12, 16 (2003); *Tharpe v. Warden,* 834 F.3d 1323, 1337 (11th Cir. 2016), *cert. den'd,* 137 S.Ct. 2298 (2017) (accord). To the extent the Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

**B. <u>Ineffective Assistance of Counsel Standard</u>**

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the assistance of counsel during criminal proceedings against them. *Strickland v. Washington,* 466 U.S. 668, 684–85 (1984). When assessing counsel's performance under *Strickland,* the court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. A § 2254 petitioner must provide factual support for his contentions regarding counsel's performance. *Smith v. White,* 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *See Boyd v. Comm'r, Ala. Dep't of Corr.,* 697 F.3d 1320, 1333–34 (11th Cir. 2012).

"[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance . . ." *Burt v. Titlow,* 571 U.S. 12, 20

(2013). "Where the highly deferential standards mandated by *Strickland* and the AEDPA both apply, they combine to produce a doubly deferential form of review as to counsel's performance that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt,* 735 F.3d 1311, 1323 (11th Cir. 2013).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) his counsel's performance was deficient, falling below an objective standard of reasonableness; and (2) he suffered prejudice resulting from that deficiency. *Strickland,* 466 U.S. at 687-88. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Strickland* at 690-91. To uphold a lawyer's strategy, a court need not attempt to divine the lawyer's mental processes underlying the strategy, because there are "countless ways to provide effective assistance in any given case." *Strickland,* 466 U.S. at 689. No lawyer can be expected to have considered all those ways. *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*).

To establish deficient performance, a petitioner must show that, in light of all circumstances, counsel's performance was outside the wide range of professional competence. *Strickland, supra; see also Cummings v. Sec'y for Dep't of Corr.,* 588 F.3d 1331, 1356 (11th Cir. 2009). The Court's review of counsel's performance should focus on "not what is possible or what is prudent or appropriate but only [on]

what is constitutionally compelled." *Chandler,* 218 F.3d at 1313; *Burger v. Kemp,* 483 U.S. 776 (1987). Counsel is not ineffective for failing to raise non-meritorious issues. *Chandler,* 240 F.3d at 917. Counsel is also not required to present every non-frivolous argument. *Dell v. United States,* 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, the Supreme Court has explained "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *Strickland,* 466 U.S. at 697; *see also Brown v. United States,* 720 F.3d 1316, 1326 (11th Cir. 2013).

The standard is the same for ineffective assistance of appellate counsel claims, requiring the Petitioner to demonstrate deficient performance and prejudice. *Philmore v. McNeil,* 575 F.3d 1251, 1264 (11th Cir. 2009); *Smith v. Robbins,* 528 U.S. 259, 285–86 (2000). If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. *See Digsby v. McNeil,* 627 F.3d 823, 831 (11th Cir. 2010). Non-meritorious claims not raised on direct appeal do not constitute

21

ineffective assistance of counsel. *Diaz v. Sec'y for the Dep't of Corr.,* 402 F.3d 1136, 1144–45 (11th Cir. 2005).

## VII. <u>DISCUSSION</u>

The undersigned now addresses the seven (7) remaining claims (**Claims 2, 5, 6, 7, 8, 9, and 13**) and finds for the reasons that follow, the Petitioner is not entitled to relief.

### Claim 2 - Trial Court Procedural Error in Denying Newly-Discovered Evidence Claim.

In **Claim 2,** the Petitioner claims the trial court erred when it denied his 2004 newly-discovered evidence claim as "untimely and time-barred."  (DE#1 at 11). In doing so, the trial court determined that the information the Petitioner claimed to be "newly discovered" was available and known to him at the time he filed his initial motion for state postconviction relief. (DE# 1-1 at 15). The Petitioner asserts that he found "newly discovered" evidence which "revealed that the lead detective (James Carr) that conducted the interrogation of the Petitioner upon arrest had been under investigation by numerous law enforcement agencies…." (DE#12-1 at 211). Here, the Petitioner argues that, absent an evidentiary hearing to establish when he knew this information, the trial court's conclusion was "incomplete and inadequate." *Id.* The Respondent asserts that "there is no federal constitutional right to have a hearing on a state collateral motion alleging newly discovered evidence."  (DE#11 at 24). The Respondent is correct.

Rather than arguing the substance of the claim, the Petitioner is arguing a freestanding claim for federal habeas relief based on the denial of an evidentiary hearing in state court. Denial of an evidentiary hearing in state court is not cognizable in a federal habeas proceeding. A "state court's failure to hold an evidentiary hearing on a petitioner's 3.850 motion is not a basis for federal habeas relief." *Anderson v. Sec'y, Dep't of Corr.*, 462 F.3d 1319 (11th Cir. 2006) (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987)). **Claim 2** fails and should be denied.

## Claim 5 - Trial Court Error in Admitting the Petitioner's Transcribed Confession into Evidence at Trial.

In **Claim 5,** the Petitioner claims that the trial court erred in admitting into evidence a transcription of the Petitioner's confession. (DE#1 at 17). The transcription at issue is of a police detective's notes, transcribed into an actual police report written by the detective's secretary. This issue was litigated at a motion to suppress hearing and again during trial. The trial court admitted the confession into evidence. *Id.* The Petitioner argues that this admission violates Due Process "because there is no way of knowing if the notes or alleged confession ever existed." *Id.* The Respondent argues that this issue was raised in the Petitioner's successive Rule 3.850 motion, but it was denied as untimely and successive. (DE#11 at 31). Moreover, the Respondent argues that this issue is one of state law and is not cognizable in a federal habeas petition.

### i.    State Procedural Bar

The Respondent has argued that this Court should not consider the merits of **Claim 5** because the state court found it to be successive and time-barred. To begin, "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994). Procedural default "ordinarily qualifies as an independent and adequate state ground for denying federal review." *Cone v. Bell*, 556 U.S. 449, 465 (2009). As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are "independent and adequate" to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

Here, the trial court expressly denied this claim as procedurally barred.[6] The trial court incorporated by reference the State's response to the postconviction motion which cited several cases where this precise procedural default rule had been regularly applied in Florida. (DE#12-1 at 255). As the initial denial was based on a state procedural rule, this bar precludes this Court from reviewing the claim on the merits. A federal habeas claim may not be reviewed on the merits where a state court determined, as it did here, that the petitioner failed to comply with an independent

---

[6] The denial of relief was *per curiam* affirmed, without opinion, by the Fourth DCA. (DE#12-1 at 257).

and adequate state procedural rule that is regularly followed. *See Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006).

This distinction is important because "[n]ot *all* claims that are procedurally barred in state court, however, are precluded from federal review. In order for a claim to be procedurally defaulted in federal court, the state court rule of procedure barring state court review must be both 'independent of the federal question and adequate to support the [state-court] judgment.'" Hitchcock v. Sec'y, Dep't. of Corr., 360 F. Appx 82 (11th Cir. 2010) (citations omitted). Therefore, the Court must consider the procedural rule which the state courts relied and determine if that rule was "firmly established and regularly followed." *James v. Kentucky*, 466 U.S. 341, 348-49 (1984); *Payne v. Allen*, 539 F.3d 1297, 1312-13 (11th Cir. 2008). "The state's application of a procedural bar "must be faithfully and regularly applied and must not be manifestly unfair in its treatment of a petitioner's federal constitutional claim." *Card v. Dugger*, 911 F.2d 1494, 1516-17 (11th Cir. 1990) (citation and quotation omitted). Here, the application of a bar based on untimeliness and successiveness is regularly applied in Florida. *See* Fla. R.Crim. P. 3.850(b) (providing a two-year limitations period); Fla. R.Crim. P. 3.850(h) (barring the filing of second or successive postconviction motions).

### ii.   Federal Constitutional Issue

The Respondent has argued, in the alternative, that this claim is purely an issue of the state law regarding the admissibility of evidence.  (DE#11 at 31). As such, it is not cognizable in a federal habeas proceeding. "It is a fundamental principle that state courts are the final arbiters of state law." *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (quotation marks omitted). The Court must defer to Florida Supreme Court's application of Florida law. *Reaves v. Sec'y, Dep't of Corr.*, 717 F.3d 886, 903 (11th Cir. 2013) ("The Florida Supreme Court's interpretation of state law is binding on federal courts."). The Supreme Court of the United States has instructed us that "state courts are the ultimate expositors of state law" and federal courts "are bound by their constructions except in extreme circumstances." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

The substance of **Claim 5** was litigated before and at trial. The trial court made a determination regarding admissibility of evidence pursuant to state law and his convictions and sentences were upheld on direct appeal. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 131 S.Ct 13, 16 (2010) (*quoting Estelle v. McQuire*, 502 U.S. 62, 67 (1991)). "But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution

or laws or treaties of the United States.' 28 U.S.C. § 2254(a)." *Corcoran*, 131 S.Ct. at 16. The Petitioner's state law claim is not cognizable and should be denied.

**Claim 6 - Trial Court Error for Admitting Hearsay Testimony at Trial.**

In **Claim 6**, similar to **Claim 5**, the Petitioner argues trial court error in the admission of certain evidence at trial. The Petitioner asserts that, over objection, the trial judge allowed impermissible hearsay evidence to be admitted at trial based on certain hearsay exceptions (*i.e.* excited utterance, spontaneous statement). (DE#1 at 18). The Petitioner asserts that the admission of this testimony "resulted in substantial prejudice to [him], denying his constitutional right to confrontation." *Id*. at 19.

This claim was properly presented to the state court on direct appeal. (DE#11 at 35). However, this is an issue of state law. Moreover, the Respondent argues that even if it were not an issue of state law, the Petitioner failed to assert the denial of a federal constitutional right to the state courts for consideration. *Id*. Therefore, the Respondent contends, it is not properly exhausted. The Court agrees.

First, whether testimony qualifies as hearsay or for a hearsay exception is clearly an issue of state law. *See* §§ 90.801-03, Fla. Stat. "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" 28 U.S.C. § 2254(a). And we have repeatedly held

that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

Further, the Respondent is correct that when a petitioner fails to raise federal constitutional issues in the state court, he does not properly exhaust his claim.

> In other words, "to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir.2007) (*quoting Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.1998)) (concluding that the petitioner's claims were raised where the petitioner had provided enough information about the claims (and citations to Supreme Court cases) to notify the state court that the challenges were being made on both state and federal grounds).

*Lucas v. Sec'y, Dep't. of Corr.*, 682 F.3d 1342, 1352 (11th Cir. 2012). Here, the Court has conducted an independent review of the record and finds that while the Petitioner did raise this claim on direct appeal, he did not adequately raise it to satisfy the federal exhaustion requirement. The substance of the claim was based purely on Florida statutes and case law from the state courts. *See* (DE#12-1 at 67-70). It was not until he fully argued the substance of his claim that he made a passing reference to the Sixth Amendment and Confrontation Clause as why he was prejudiced based on the cumulative effect of the inadmissible evidence. *See id*. at 70. This does not satisfy the exhaustion requirement. Accordingly, **Claim 6** fails and should be denied.

### Claim 7 - Ineffective Assistance of Counsel for Failing to Object when the Trial Court Only Allowed Nine Peremptory Challenges.

28

**Claim 7** argues that trial counsel was ineffective for failing to object when the judge miscalculated the amount of peremptory challenges made by the defense. (DE#1 at 20). The Petitioner contends that his defense counsel only exercised nine out of the ten peremptory challenges allotted by the trial court. The Respondent concedes that this claim was properly exhausted in the Petitioner's Rule 3.850 motion but argues that it is, nonetheless, without merit. (DE#11at 36).

To begin, the Supreme Court of the United States has "'long recognized' that 'peremptory challenges are not of federal constitutional dimension.'" *Rivera v. Illinois*, 129 S.Ct. 1446 (2009) (quoting *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000)). "States may withhold peremptory challenges 'altogether without impairing the constitutional guarantee of an impartial jury and a fair trial.'" *Id.* at 1450 (quoting *Georgia v. McCollum*, 505 U.S. 42, 57 (1992)).

> Because peremptory challenges are within the States' province to grant or withhold, the mistaken denial of a state-provided peremptory challenge does not, without more, violate the Federal Constitution. "[A] mere error of state law," we have noted, "is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (internal quotation marks omitted). *See also Estelle v. McGuire*, 502 U.S. 62, 67, 72-73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but "the fundamental elements of fairness in a criminal trial." *Spencer v. Texas*, 385 U.S. 554, 563-564, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

*Rivera*, 129 S.Ct. at 1454.

Nonetheless, the Petitioner raised this claim as a violation of his Sixth Amendment right to the effective assistance of counsel which is a proper and cognizable claim before this Court. As previously articulated, the Petitioner must establish that the Fourth DCA's denial of this claim for relief was unreasonable pursuant to the AEDPA.

Although, the court of appeals *per curiam* affirmed without opinion, the trial court issued an opinion. Therefore, the Court must "'look through' the unexplained decision to the last related state court that does provide a relevant rationale" when considering the reasonableness of the state court decision. *Wilson*, 138 S.Ct. at 1192. After "looking through," the Court must "presume that the unexplained decision [from the highest court] adopted the same reasoning." *Id*. The Secretary may rebut this presumption "by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision." *Id*.

The postconviction court denied relief by adopting the State's response and incorporating it by reference to the order. (DE#12-1 at 203). The response detailed, at great length, the voir dire process and highlighted how involved the Petitioner was in the selection of his jury. (DE#11 at 38). The response concluded that the Petitioner had failed to demonstrate that counsel's actions were outside the wide range of professional assistance. (DE#11 at 39). In other words, counsel's performance was not deficient. *See Strickland*, 466 U.S. at 668.

The Court has reviewed the record and finds that this determination was not unreasonable based on clearly established federal law. The record reflects that after the trial court erroneously calculated that the defense had exercised all ten of its peremptory challenges when in fact it had only made nine, the trial court allowed the defense to make argument as to why the defense needs more peremptory challenges, to which counsel replied, "I'm fine for right now, Judge. I'm not asking for any." (DE#12-1 at 115).

It appears that the Petitioner's argument is that because he is statutorily entitled to ten peremptory challenges that his counsel should have used all ten; otherwise his performance was deficient. However, this is not the case.  Indeed, jury selection is within the sound discretion and part of the strategical decisions that are made by defense counsel. Nothing provided by the Petitioner suggests that his counsel's decisions concerning jury selection were based upon anything other than trial strategy.

As for peremptory challenges, the Eleventh Circuit has strongly cautioned that courts applying *Strickland* must "defer to trial counsel's performance and eschew the distorting effects of hindsight" in interpreting a prospective juror's statements and trial counsel's decision whether or not to leave that person on the jury. *Harvey v. Warden, Union Corr. Instit.,* 629 F.3d 1228, 1247 (11th Cir. 2011) (citation omitted); *see also Babb v. Crosby*, 2006 WL 2805642, *2 (11th Cir. Oct. 2, 2006)

("the Supreme Court has not concluded that a lawyer who leaves an arguably biased juror on a jury is *per se* ineffective").

As such, the decision of the state court was not unreasonable. This claim fails and should be denied.

**Claim 8 – Trial Court Error for Naming Co-Defendants in Jury Instructions.**

In **Claim 8** the Petitioner claims he was deprived of his right to a fair trial because the trial court included the names of his co-defendants in the jury instructions.   (DE#1 at 20). At trial, the Petitioner sought and was granted a severance; however, when the jury instructions were given to the jury they included a felony murder instruction which stated that "the death occurred as a consequence of and while Brenda Babrow, Daryl German, and Eric Anderson were engaged in the commission of a robbery." (DE#1 at 21). The Petitioner argues that this instruction was in error because "no other similarly situated defendant in the state of Florida had ever been subjected to this procedure." *Id*. The Petitioner raised this claim on direct appeal. The Fourth DCA *per curiam* affirmed without opinion.

The Respondent has argued that this claim is not cognizable on federal habeas review because it is an issue of state law. (DE#11 at 40). The Respondent is correct. At the heart of this claim is the interpretation of Fla. Stat. § 777.011 and the application of decisions from the Florida courts to the Petitioner's trial. Clearly, this was an issue of state law as determined by the state's highest court. "Issues of state

law are ordinarily immune from federal review." *See Francois v. Wainwright*, 741 F.2d 1275, 1281 (11th Cir. 1984). "Where the claim is merely that a jury instruction was incorrect under state law, federal habeas relief is not available." *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). Accordingly, we review errors in state jury instructions in the § 2254 context solely to determine whether the alleged errors were so critical or important to the outcome of the trial that they rendered "the entire trial fundamentally unfair." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983). This claim fails and should be denied.

### Claim 9 – Ineffective Assistance of Counsel where Counsel Threatened to Abandon the Petitioner if He Testified.

In **Claim 9,** the Petitioner claims he was denied the effective assistance of counsel because his defense counsel threatened that if he testified he would abandon him and also because the trial court indicated that the Petitioner would any eliminate reasonable doubt should he testify. (DE#1 at 22). The basis of this claim is that during the State's closing argument, the Petitioner stopped the proceedings and requested to testify. (DE#13-1 at 736). The trial court conducted, what proved to be, a long colloquy with the Petitioner; advising him of his rights, including the right to stay silent and the presumption of innocence and application of reasonable doubt. *Id*. at 736-745. The Petitioner then met with his counsel privately and discussed his options. *Id*. at 745. Upon returning to the courtroom, the Petitioner advised that he would not testify. *Id*. at 751. The Respondent concedes that the Petitioner raised this

claim in his first Rule 3.850 motion. (DE#11 at 43). The claim was denied as meritless. *Id*. The court incorporated the State's response, adopted it, and attached it to the order. *Id*. The denial was affirmed, *per curiam*, without opinion by the Fourth DCA. *Id*. Therefore, the Court must look through the appellate opinion back to the trial court as the last reasoned opinion on the merits. *See Wilson*, 138 S.Ct. at 1192.

The post-conviction court found that the Petitioner failed to show prejudice or deficiency. (DE#11 at 42). The claim was considered meritless because there is no factual basis for the Petitioner's assertions. The record shows that the Petitioner had every opportunity to testify (or not) and was afforded ample opportunity to discuss his decision with counsel. After consultation, the Petitioner then determined that he would not testify.

Nonetheless, the Petitioner has failed to prove his claim by showing that the state court's decision was an unreasonable application of clearly established federal law. The order of the post-conviction court found neither deficiency or prejudice and properly applied both prongs. *See Strickland*, 466 U.S. at 697. ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

Here, there simply is no indication that trial counsel threatened to abandon the Petitioner should he testify. Moreover, the Petitioner has not established that "there is a reasonable probability that, but for counsel's unprofessional errors that the result

of the proceeding would have been different" had he testified. *Devier v. Zant*, 3 F.3d 1445. 1451 (11th Cir. 1993); *Strickland*, 466 U.S. at 694. **Claim 9** fails and should be denied.

### Claim 13 – Trial Court Error in Denying Judgment of Acquittal.

In **Claim 13,** the Petitioner claims the trial court erred in denying his motion for judgment of acquittal. (DE#1 at 27). According to the Petitioner: (1) at trial, the State presented nine witnesses in its case-in chief, (2) only two were able to identify him, (3) there was no independent evidence or testimony linking the Petitioner to the crime, and (4) the confession as transcribed was not authenticated. (DE#1 at 27). The Petitioner contends the denial of his motion was an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *Id*. The Petitioner raised this claim on direct appeal. The Fourth DCA *per curiam* affirmed without opinion. The Respondent argues that because a motion for judgment of acquittal considers the sufficiency of evidence, federal courts play a limited role in weighing the constitutional sufficiency of evidence in a state criminal trial." (DE#11 at 49). Moreover, the claim as presented to the state courts was based entirely on state statutes and rules of criminal procedure. (DE#12-1 at 67-70).

Whether the evidence presented in a state criminal trial is sufficient to establish the elements of the crime to withstand a judgment of acquittal is purely a matter of state law. *See Bucklon v. Crosby*, No. 8:04-cv-2303-T-17TGW, 2006 WL

2990449, at *3 (M.D. Fla. Oct. 19, 2006) (citing *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974)) ("Under Florida law, the state trial court should not grant a motion for judgment of acquittal unless the evidence is such that no view in which the jury may lawfully take of it favorable to the opposite party can be sustained under the law."). Although the Petitioner argues that there was no independent evidence that linked him to the crime, other than the notes that were taken during his confession, such a matter regarding credibility of witnesses and admissibility of evidence, is a matter of state law. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (federal petition raised questions of state law where the court would have to conduct an examination of Florida case law and the Florida Rules of Criminal Procedure); *Bucklon*, 2006 WL 2990449, at *3 (petitioner's claim that trial court erroneously denied his motion for judgment of acquittal was a matter of state law not cognizable on federal review). Simply put, this Court cannot reexamine the state court's determination of state-law questions. Habeas relief should be denied.

### VIII. <u>CAUTIONARY INSTRUCTION RE *Clisby* RULE</u>

The Court is mindful of the *Clisby* rule that requires district courts to address and resolve all claims raised in habeas corpus proceedings, regardless of whether relief is granted or denied. *Clisby v. Jones*, 960 F.2d 925-36 (11th Cir. 1992). However, nothing in *Clisby* requires, much less suggests, consideration of claims or arguments raised for the first time in objections. If the Petitioner attempts to raise

arguments or further factual support for his claims in objections, the court should exercise its broad discretion and refuse to consider the arguments not raised before the magistrate judge in the first instance. *See Williams v. McNeil,* 557 F.3d 1287 (11th Cir. 2009) (*citing Stephens v. Tolbert,* 471 F.3d 1173, 1175 (11th Cir. 2006) (finding no abuse of discretion by the district court in declining to consider timeliness argument that was not presented to the magistrate judge)).

Finally, this court has considered all the Petitioner's claims for relief. *See Dupree v. Warden,* 715 F.3d 1295 (11th Cir. 2013). For all his claims, the Petitioner has failed to demonstrate how the state courts' denial of his claims, to the extent they were considered on the merits in the state forum, were contrary to, or the product of an unreasonable application of, clearly established federal law. To the extent they were not considered in the state forum, as discussed in this report, none of the claims individually, nor the claims cumulatively warrant relief. Whether a precise argument, subsumed within any of the foregoing grounds for relief, was not specifically addressed herein or in the state forum, all arguments and claims were considered and found to be devoid of merit, even if not discussed in detail here.

## IX. EVIDENTIARY HEARING

In a habeas corpus proceeding, the burden is on the Petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is

needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016), *cert. den'd*, 137 S.Ct. 2245 (2017). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted here.

## X. CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009).  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the Petitioner must show that "jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if the Petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## XI. <u>CONCLUSION</u>

Based upon the foregoing, it is recommended that:

1.   the federal habeas petition be **DENIED**

2.   final judgment be entered in favor of Respondent;

3.   a certificate of appealability be **DENIED**;

4.   all pending motions be **DENIED** as moot; and,

5.   the case be **CLOSED**.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar the Petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge, except upon grounds of plain error or manifest injustice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 16th day of September, 2019.


_____
UNITED STATES MAGISTRATE JUDGE

cc:

Daryl German
658775
South Bay Correctional Facility
Inmate Mail/Parcels
600 U S Highway 27 South
South Bay, FL 33493-2233
PRO SE

Counsel of Record